# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| CHASE CALDWELL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 2:19 CV 9 |
| THOMAS BLYTHE, *et al.*, | ) |  |
| Defendants. | ) |  |

### OPINION and ORDER

This matter is before the court on defendants' motion to dismiss. (DE # 37.) For the reasons that follow, the motion to dismiss will be granted.

## I.    BACKGROUND

In September 2018, defendants, Porter County Sheriff's Deputies William Knapp and Thomas Blythe, escorted plaintiff, Chase Caldwell, from the Porter County Courthouse pursuant to Porter County Superior Court Judge Roger V. Bradford's order for Caldwell's involuntary commitment. (DE # 43 at 1-5.) The order directed that "the Porter County Sheriff's Department take immediate custody of Chase Caldwell and transport him to the nearest appropriate facility for preliminary medical and psychological evaluation." (*Id.* at 5.) Officer Blythe drove Caldwell to Porter-Starke Services, an inpatient care center, but (for reasons not clear on the face of the amended complaint) the director of the facility would not admit Caldwell. (*Id.* at 4.) Officer Blythe then took Caldwell to Porter Regional Hospital, where they met up with Officer Knapp, and where Caldwell was admitted. (*Id.* at 10-13.)

Caldwell's amended complaint alleges that defendants seized him without probable cause, in violation of his Fourth and Fourteenth Amendment rights. He also claims that defendants' actions violated the Indiana Constitution, Indiana civil and criminal law, and the United States Criminal Code.

Defendants now move to dismiss Caldwell's amended complaint. (DE # 37.) This matter is fully briefed and is ripe for resolution.

## II. LEGAL STANDARD

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. DISCUSSION

#### A. 42 U.S.C. § 1983

Plaintiff alleges that defendants violated his Fourth and Fourteenth Amendment rights by seizing him without probable cause.[1] A plaintiff may sue for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a

---

[1] The latter half of plaintiff's 39-page amended complaint digresses into a long discussion of his history with law enforcement and prior civil commitment orders. Reviewing his amended complaint as a whole, and in consideration with his response brief, it does not appear that plaintiff presently seeks relief based on these historical events. However, to the extent that he seeks relief for incidents that occurred prior to January 8, 2017, two years prior to the date he filed his original complaint, such claims are time-barred. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (Indiana's two-year limitations period for personal injury suits applies to § 1983 claims).

3

plaintiff must allege that he was deprived of a right secured by the Constitution or federal law, by a person acting under color of law. *Heyde v. Pittenger*, 633 F.3d 512, 516 (7th Cir. 2011).

Defendants argue that they are immune from suit under a theory of quasi-judicial immunity, and/or qualified immunity, because they were merely enforcing Judge Bradford's detention order. Quasi-judicial immunity and qualified immunity are affirmative defenses. "A plaintiff is not required to plead elements in his or her complaint that overcome affirmative defenses . . .. However, when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299–300 (7th Cir. 2018), reh'g denied (Jan. 4, 2019) (internal citations and quotation marks omitted).

Application of quasi-judicial immunity is appropriate where a plaintiff challenges enforcement of a valid court order, not the manner in which it was enforced. *Compare Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986) ("Non-judicial officials whose official duties have an integral relationship with the judicial process are entitled to absolute immunity for their quasi-judicial conduct.") *with Richman v. Sheahan*, 270 F.3d 430, 437 (7th Cir. 2001) ("The policies articulated in our quasi-judicial immunity cases have less force when, as in this case, the challenged conduct is the manner in which the judge's order is carried out, and not conduct specifically directed by a judge."). Here, plaintiff challenges the fact of defendants'

4

implementation of Judge Bradford's order, not the manner in which the order was implemented. *See Henry*, 808 F.3d at 1239 ("[P]olice officers, sheriffs, and other court officers who act in reliance on a facially valid court order are entitled to quasi-judicial immunity from suit under § 1983 for damages."). Caldwell's allegations in this case present precisely the type of strictly administrative implementation of a court order that is entitled to quasi-judicial immunity. Dismissal of Caldwell's § 1983 claims is therefore warranted on this basis.

Dismissal of Caldwell's § 1983 claims is also warranted on the basis of qualified immunity. A finding of qualified immunity is appropriate where: (1) the alleged conduct violated the plaintiff's constitutional rights, and (2) those rights were clearly established at the time the violation occurred. *Sherman v. Four Cty. Counseling Ctr.*, 987 F.2d 397, 401 (7th Cir. 1993).

"[S]eizures made to effectuate an involuntary mental health commitment are analyzed under the Fourth Amendment's 'probable cause' standard." *Fitzgerald v. Santoro*, 707 F.3d 725, 732 (7th Cir. 2013). *See also Villanova v. Abrams*, 972 F.2d 792, 795 (7th Cir. 1992). "Probable cause exists 'only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard.'" *Fitzgerald*, 707 F.3d at 732 (quoting *Villanova*, 972 F.2d at 795). In cases such as this one, the governing legal standard is the applicable state statute that authorizes mental health detentions. *Id.; Mucha v. Jackson*, 786 F.3d 1064, 1066 (7th Cir. 2015).

5

Here, the applicable state statute, Indiana Code § 12-26-4-1.5, permits a court to order a law enforcement officer to transport an individual to the nearest appropriate facility for a preliminary medical and psychological evaluation. This is precisely what Judge Bradford did. Judge Bradford ordered that "the Porter County Sheriff's Department take immediate custody of Chase Caldwell and transport him to the nearest appropriate facility for preliminary medical and psychological evaluation." (*Id.* at 5.)

Judge Bradford's order was facially valid and defendants had reasonable grounds for believing that Caldwell was subject to seizure under Indiana law. Therefore, defendants did not violate the Fourth Amendment by enforcing the order. *See Brunson v. Murray*, 843 F.3d 698, 709 (7th Cir. 2016) ("A police officer who receives a facially valid arrest warrant is ordinarily expected to act upon it, not to second-guess the court's decision to issue it. The officer does not personally violate the Constitution by making the arrest the court has authorized.").

The Seventh Circuit has repeatedly held that an officer does not violate the Fourth Amendment by enforcing a state civil commitment statute. *Mucha*, 786 F.3d at 1068 (officers who involuntarily committed plaintiff pursuant to state emergency detention statute were entitled to dismissal based on qualified immunity); *Fitzgerald*, 707 F.3d at 732 (officers had probable cause under state emergency detention statute to seize plaintiff and take her to mental health facility); *Sherman*, 987 F.2d at 401 (officers

who committed plaintiff pursuant to Indiana's civil commitment statute were entitled to qualified immunity).

The court finds that defendants are entitled to quasi-judicial immunity and qualified immunity for their role in implementing Judge Bradford's civil commitment order.² Defendants' motion to dismiss plaintiff's § 1983 claims will be granted.

B.     18 U.S.C. § 242

Plaintiff's amended complaint references 18 U.S.C. § 242, the criminal analog of § 1983, as a basis for relief. However, this is a criminal statute that provides no basis for civil liability. *See Nasserizafar v. Indiana Dep't of Transp.*, 546 F. App'x 572, 574 (7th Cir. 2013); *Caldwell v. Allison*, No. 2:16-CV-49-PRC, 2016 WL 2894252, at *6 (N.D. Ind. May 17, 2016). Defendants' motion to dismiss any claim based on § 242 will be granted.

C.     *Indiana Claims*

Plaintiff also makes vague references to claims under Indiana's civil and criminal codes, and the Indiana Constitution. In the absence of any remaining federal claim, the court declines to exercise jurisdiction over this matter any further.

Principles of comity encourage the court to relinquish supplemental jurisdiction over state law claims when all of the federal claims are disposed of prior to trial. *See Hansen v. Bd. of Trs. of Hamilton Southeastern Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); 28 U.S.C. § 1367(c)(3). In fact, in this circuit, there is a "presumption" that federal courts will relinquish jurisdiction over

---

² For these same reasons, Caldwell's § 1983 claims would be dismissed in any event, for failure to state a claim.

supplemental state law claims when the federal claims drop out of the case. *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.* at 479 (internal citation and quotation marks omitted).

While in some circumstances it is appropriate for a district court to retain jurisdiction over state law claims after the federal claims have dropped out of the case, none of those circumstances are present in this case. *See id.* at 478-81; *Sharp Elecs. Corp v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009). Here, plaintiff will not be prejudiced by this dismissal because he may refile the case in state court as appropriate under Indiana's savings statute, Ind. Code § 34–11–8–1, and the tolling provision of 28 U.S.C. § 1367(d). Moreover, this matter remains at the pleading stage, and there has not been such substantial judicial resources committed to the claims that sending the case to another court will cause a substantial duplication of effort. Finally, the merits of the state law claims are not "absolutely" clear, *see Sharp Elecs. Corp.*, at 515, and therefore a state court should have the opportunity to address the merits of these claims in the first instance.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants' motion to dismiss. (DE # 37.) The court **DENIES AS MOOT** defendants' motion to dismiss (DE # 15); plaintiff's motion for summary judgment (DE # 53); and defendants' motion to strike

plaintiff's motion for summary judgment (DE # 54). The Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

Date: March 27, 2020

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT